UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
BRIAN AARNE,                                                         :
                                                                     :
                              Plaintiff,                             :
                                                                     :         20-CV-5092 (JPC)
              -v-                                                    :
                                                                     :         ORDER
LONG ISLAND RAILROAD COMPANY,                                        :
                                                                     :
                              Defendant.                             :
                                                                     :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On October 21, 2020, Defendant Long Island Railroad Company moved for leave to file a third-party complaint against non-party LK Comstock & Co. pursuant to Federal Rule of Civil Procedure 14(a)(1). (Dkt. 12.) The Court ordered Plaintiff Brian Aarne to file any opposition by December 3, 2020. (Dkt. 13.) Plaintiff did not file an opposition.

      Rule 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The third-party plaintiff must obtain the court's leave if, as here, "it files the third-party complaint more than 14 days after serving its original answer." *Id.*

      "The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." *Olin Corp. v. Lamorak Ins. Co.*, 84 Civ. 1968 (JSR), 2017 WL 6398632, at *2 (S.D.N.Y. Nov. 29, 2017). "When determining whether to permit the filing of a third-party complaint, the court takes into consideration the following factors: '(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can

be granted.'" *Satterfield v. Maldonado*, 14 Civ. 627 (JCF), 2014 WL 4828860, at *3 (S.D.N.Y. Sept. 19, 2014) (quoting *Fashion-in-Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P.*, No. 97 Civ. 340, 1999 WL 500149, at *6 (S.D.N.Y. July 15, 1999)).

These factors all weigh in favor of granting Defendant's motion. Defendant did not deliberately delay in filing this motion and instead filed it less than two months after filing its answer. (Dkts. 6, 12.) Allowing impleader here would not delay or unduly complicate any future trial because Defendant's claim against LK Comstock & Co. seems to involve the relatively narrow issue of whether LK Comstock & Co. agreed to indemnify Defendant if Defendant is liable to Plaintiff for Plaintiff's injuries. Further, nothing suggests that LK Comstock & Co. would be prejudiced. This action began a few months ago, and discovery does not end for several months. (Dkts. 1, 10.) Finally, the proposed third-party complaint alleges facts, which, if true, suggest there may be a claim upon which relief can be granted.

For these reasons, the Court GRANTS Defendant's motion for leave to file a third-party complaint and for leave to serve a third-party summons and complaint upon non-party LK Comstock & Co.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 12.

SO ORDERED.

Dated: December 19, 2020
New York, New York

                JOHN P. CRONAN
                United States District Judge